UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LIGHTSPEED CLEC, INC.,**

    **Plaintiff,**

vs.                                    Civil Action No.

**LIGHTSPEED CONSTRUCTION
GROUP LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR
<u>JURY TRIAL, INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff, Lightspeed CLEC, Inc., a Florida corporation doing business as Lightspeed ("Plaintiff" or "Lightspeed CLEC"), by and through its undersigned attorneys, sues Defendant, Lightspeed Construction Group LLC, a Delaware limited liability company ("Defendant"), seeking permanent injunctive relief, damages, attorney fees and costs as a result of Defendant's ongoing trademark infringement and unfair competition. In support of its Complaint, Plaintiff states as follows:

**Nature of Action**

1. This is an action seeking permanent injunctive relief and damages for (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) and Florida common law. Plaintiff is a prominent telecommunications service provider, with customers located in all 50 states. Since its inception in 2004, Plaintiff has established distinctive service marks and related proprietary rights regarding these services. Plaintiff established the well-known marks "LIGHTSPEED" and "LIGHTSPEED VOICE" at least as early as 2006 in connection with its telecommunications services. Recently, Defendant opened a business called LIGHTSPEED CONSTRUCTION GROUP, a mark nearly identical to Plaintiff's, in connection with the offering of confusingly similar telecommunications services. Such use creates a likelihood of confusion with Plaintiff's customers.

**Parties**

2. Plaintiff, Lightspeed CLEC, Inc., is a corporation duly organized and validly existing under the laws of the State of Florida with its principal place of business in North Venice, Florida.

3. On information and belief, Defendant, Lightspeed Construction Group LLC, is a limited liability company duly organized and validly existing

under the laws of the State of Delaware with its principal place of business in Clearwater, Florida.

## Jurisdiction and Venue

4.  This is an action for trademark infringement under the Lanham Act 15 U.S.C.A. § 1114; false designation of origin, false or misleading description of fact, or false or misleading representation of fact under the Lanham Act 15 U.S.C.A. § 1125(a); and for unfair competition under Florida common law.

5.  This Court has *in personam* jurisdiction over Plaintiff in that Lightspeed CLEC is a limited liability company conducting business in this state and in this district and division.

6.  This Court has *in personam* jurisdiction over Defendant Lightspeed Construction Group LLC, as it is conducting business and is engaged in trademark infringement and unfair competition in this district and division.

7.  Defendant has conducted business in Florida and provided services in Florida under the infringing mark.

8.  Defendant has further engaged in willful trademark infringement directed at Plaintiff in Florida with Plaintiff being harmed in Florida.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant has subjected themselves to personal jurisdiction in this judicial district (*see* 28 U.S.C. § 1391(c)), and pursuant to 28

U.S.C. § 1391(b)(2) because they are transacting business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## Subject Matter Jurisdiction

10. The claims of trademark infringement and unfair competition asserted in Counts I and II of this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the Lanham Act, 15 U.S.C. § 1121(a), *et seq*.

## Common Factual Allegations

A. **Plaintiff's LIGHTSPEED Trademark Rights**

11. Plaintiff is a Florida-based provider of telecommunications services (including VOIP and PBX services), with customers located in all 50 states.

12. A core facet of Plaintiff's business is building telecommunication infrastructures for its clients, including designing, building, implementing and operating data center infrastructures and client sites.

13. Plaintiff is widely known across the United States.

14. Since its inception in 2004, Plaintiff has established distinctive service marks and related proprietary rights regarding these services.

15. Plaintiff established the well-known marks "LIGHTSPEED" at least as early as 2006 and "LIGHTSPEED VOICE" (together the "LIGHTSPEED Mark") at least as early as 2009 in connection with its primary telecommunication offerings (the "LIGHTSPEED Services").

16. Lightspeed CLEC is the owner of the following Federal trademark registrations:

> (a) LIGHTSPEED for use in connection with "Hosted PBX services; Telecommunication services, namely, local and long distance transmission of voice, data, graphics and video by means of broadband, copper and optical or wireless networks; Telecommunication services, namely, providing advanced calling features; Text messaging services; Voice over internet protocol (VOIP) services" in Class 038, which was filed on October 15, 2020, and first used in commerce at least as early as January 1, 2006. The LIGHTSPEED Mark was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on July 6, 2021, as U.S. Trademark Registration No. 6,410,085 (the '085 Registration). A true and correct copy of the registration certificate is attached hereto as **Exhibit 1**.

    (b)    LIGHTSPEED for use in connection with "Software as a service (SAAS) services, namely, hosting software for use by others for use in customer relationship management, reporting and communications, and providing metrics for business and employee productivity and customer satisfaction" in Class 042, which was filed on October 15, 2020, and first used in commerce at least as early as January 1, 2006. The LIGHTSPEED Mark was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on July 6, 2021, as U.S. Trademark Registration No. 6,410,087 (the '087 Registration). A true and correct copy of the registration certificate is attached hereto as **Exhibit 2**.

    (c)    LIGHTSPEED VOICE for use in connection with "Telecommunication services, namely, local and long distance transmission of voice, data, graphics and video by means of broadband, copper and optical or wireless networks; Telecommunication services, namely, providing advanced calling features; Text messaging services; Hosted PBX services; Voice over internet protocol (VOIP) services" in Class 038, which was filed on August 27, 2018, and first used

        in commerce at least as early as February 1, 2009. The LIGHTSPEED VOICE Mark was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on December 31, 2019, as U.S. Trademark Registration No. 5,947,381 (the '381 Registration). A true and correct copy of the registration certificate is attached hereto as **Exhibit 3**.

(d)    LIGHTSPEED VOICE for use in connection with "Software as a service (SAAS) services, namely, hosting software for use by others for use in customer relationship management, reporting and communications, and providing metrics for business and employee productivity and customer satisfaction" in Class 042, which was filed on August 27, 2018, and first used in commerce at least as early as February 1, 2009. The LIGHTSPEED VOICE Mark was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on May 7, 2019, as U.S. Trademark Registration No. 5,744,207 (the '207 Registration). A true and correct copy of the registration certificate is attached hereto as **Exhibit 4**.

17. Lightspeed CLEC's registrations are valid and subsisting, and have not been cancelled, revoked, or abandoned.

18. Plaintiff maintains significant common-law trademark rights in the distinctive LIGHTSPEED Mark across the United States.

19. The services which Plaintiff offers under the LIGHTSPEED Mark are of the highest quality, and are recognized by the consuming public as being of the highest quality.

20. Plaintiff has spent large sums of money in advertising and otherwise promoting the rendition of its services under the LIGHTSPEED Mark.

21. As a result of Plaintiff's advertising of its services under the LIGHTSPEED Mark, the widespread rendition of such services to the public under the LIGHTSPEED Mark, and the quality of the services rendered under the LIGHTSPEED Mark, such services have come to be, and now are, well and favorably known to the trade and the public across the United States under the LIGHTSPEED Mark.

22. As a result of Plaintiff's advertising of its services under the LIGHTSPEED Mark, the widespread rendition of such services to the public under the LIGHTSPEED Mark, and the quality of the services rendered under the LIGHTSPEED Mark, valuable goodwill in the business as represented by the LIGHTSPEED Mark has been generated. The goodwill is symbolized by the

LIGHTSPEED Mark, and Plaintiff is the owner of the goodwill and the LIGHTSPEED Mark.

**B.    Defendant's Infringing Use of Plaintiff's LIGHTSPEED Mark**

23.    On information and belief, Defendant is a provider of telecommunications services and promotes itself as "the nation's premier builder of next-generation communications infrastructure."

24.    Despite Plaintiff's common law rights and federal trademark registrations for the LIGHTSPEED Mark, on or about October 20, 2022, Plaintiff became aware that Defendant began using the mark LIGHTSPEED CONSTRUCTION GROUP to provide telecommunications services in locations in Florida, Alabama, Georgia, South Carolina, North Carolina, Virginia and Texas through the website, https://lightspeedcg.com/, as well as through third party contractors ("Infringing Mark"). Evidence of Defendant's clear, willful and deliberate intellectual property infringement and unfair competition is attached hereto as Composite **Exhibit 5**.

25.    Defendant is operating under the strikingly and confusingly similar mark, where in Defendant's Infringing Mark, LIGHTSPEED, is the dominant and distinctive portion of the mark.

26.    Moreover, Defendant's logo design emphasizes the dominant nature of the LIGHTSPEED mark:



27. Defendant is not currently, and has at no time been, licensed by or affiliated with Plaintiff.

28. Nevertheless, Defendant began using a mark that is identical to Plaintiff's LIGHTSPEED Mark in the operation of their business, without license or permission from Plaintiff.

29. Defendant targets this forum by providing solutions and information tailored to customers located in the State of Florida.

30. Defendant's use of the above-described mark is junior, and accordingly subordinate and inferior to Plaintiff's rights in its LIGHTSPEED Mark.

31. The mark used by Defendant is a colorable imitation of Plaintiff's LIGHTSPEED Mark, and the use and/or registration of this mark is neither authorized nor consented to by Plaintiff.

32. Upon information and belief, both Plaintiff's and Defendant's respective services are provided, advertised, distributed, offered for sale, and/or sold to the same class of consumers, within the same industry, and through the same channels of trade.

33. By virtue of the foregoing, Defendant is infringing upon Plaintiff's trademark rights and unfairly competing with Plaintiff in violation of state and federal law. Defendant's use in connection with their business of the above-described mark is likely to cause confusion, mistake, or deception among the trade and the public as to the source, affiliation or sponsorship of Plaintiff's services.

34. Upon discovering the Defendant's infringing use of the Mark, Lightspeed CLEC sent a cease and desist letter to Lightspeed Construction Group LLC on or about December 8, 2022.

35. Despite Lightspeed CLEC's demands that Lightspeed Construction Group LLC cease and desist from the infringement, the Defendant has intentionally, actively, and deliberately refused to comply, has not ceased and desisted from the wrongful use of the Infringing Mark, and has intentionally and deliberately persisted in their infringement of Lightspeed CLEC's trademark rights and unfair competition with Lightspeed CLEC.

36. Defendant's use of this colorable imitation and counterfeit of Plaintiff's LIGHTSPEED Mark has been, and currently is, deliberate for the purpose of giving Defendant's services consumer appeal and salability by usurping Plaintiff's own reputation and goodwill, which Defendant's services otherwise would not have.

37. Defendant's infringement of Plaintiff's trademark rights and unfair competition is causing irreparable injury to Plaintiff, and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff due to the confusion, mistake, or deception that will be generated among the trade and the public. Plaintiff has suffered and will continue to suffer damage, the exact amount of the damage being unknown to Plaintiff at this time.

38. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

39. Plaintiff has engaged the law firm of Shumaker, Loop & Kendrick, LLP to represent it and has obligated itself to pay its attorneys a reasonable fee for their services in this action.

## COUNT I
### [Violation of Lanham Act, 15 U.S.C. § 1114; Trademark Infringement]

40. Lightspeed CLEC re-alleges paragraphs 1-39 of this Complaint as though fully restated herein.

41. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

42. Plaintiff is the owner of the '085 Registration, the '087 Registration, the '381 Registration and the '207 Registration.

43. The Defendant, without consent from Lightspeed CLEC, adopted, used and is currently using in commerce the Infringing Mark, LIGHTSPEED CONSTRUCTION GROUP, in connection with the provision of telecommunications services.

44. Lightspeed CLEC has been damaged, and in the absence of relief from this Court, will continue to be damaged by Defendant's use of the Infringing Mark in connection with the provision of telecommunications services.

45. Defendant's use of the Infringing Mark in connection with the sale, offering for sale, and advertising of Defendant's goods and services is likely to cause confusion, mistake or deception with respect to the source of the goods and services and therefore constitutes trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114(1)(a)).

46. Defendant's above-described acts of infringement have caused irreparable injury to Lightspeed CLEC and will continue to cause irreparable injury to Lightspeed CLEC if Defendant is not restrained by this Court from further violating Lightspeed CLEC's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public. Lightspeed CLEC has no adequate remedy at law.

47. As a result of the above-described intentional and deliberate infringement of Lightspeed CLEC's trademark rights by Defendant, Lightspeed CLEC is entitled to an injunction and an award of Defendant's profits, up to three (3) times any damages sustained by Lightspeed CLEC, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT II
### [Violation of Lanham Act, 15 U.S.C. § 1125(A); False Designation of Origin, False Description and False Representation]

48. Lightspeed CLEC re-alleges paragraphs 1-47 of this Complaint as though fully restated herein.

49. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

50. Defendant has, by virtue of the above-described acts, infringed upon Lightspeed CLEC's rights and competed unfairly with Lightspeed CLEC's by falsely designating Defendant's goods and services as originating with Lightspeed CLEC or with a concern legitimately connected with Lightspeed CLEC in violation of 15 U.S.C. § 1125.

51. Defendant has used, and is using, in commerce, in connection with the provision, offer for provision, and advertising of telecommunications services, the Infringing Mark, LIGHTSPEED CONSTRUCTION COMPANY, in

such a manner as is likely to cause confusion, or to cause mistake, deceive as to the affiliation, connection or association or as to the origin, or falsely designate the origin, sponsorship, or approval of the goods and services to consumers in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

52. Upon information and belief, Defendant has intentionally, knowingly and willfully adopted used, and continue to use the Infringing Mark in commerce in the United States to cause consumer confusion, mistake, and/or deception.

53. Defendant's above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, with the knowledge that the Infringing Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

54. Defendant's above-described acts of infringement and unfair competition have caused irreparable injury to Lightspeed CLEC and will continue to cause irreparable injury to Lightspeed CLEC if Defendant is not restrained by this Court from further violating Lightspeed CLEC's trademark and service mark rights and competing unfairly with Lightspeed CLEC due to the confusion, mistake, or deception that will likely be generated among the trade and the public.  Lightspeed CLEC has no adequate remedy at law.

55. As a result of the above-described intentional and deliberate infringement of Lightspeed CLEC's trademark and service mark rights and unfair competition by Defendant, Lightspeed CLEC is entitled to an injunction and an award of Defendant's profits, up to three (3) times any damages sustained by Lightspeed CLEC, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT III
### [Florida Common Law Unfair Competition]

56. Plaintiff realleges paragraphs 1 through 55 of this Complaint as if fully restated herein.

57. This is an action against Defendant for damages and injunctive relief for common law unfair competition under Florida law due to Defendant's infringement of a common law trademark and service mark.

58. The activities of Defendant as described in this Complaint are unfair acts that have damaged Lightspeed CLEC's legitimate business activities. Therefore, those activities of Defendant constitute unfair competition and unfair and deceptive acts and practices in the State of Florida pursuant to the common law of Florida.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendant, its

      directors, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

(b)    all damages against Defendant caused by the acts forming the basis of these claims, including without limitation Defendant's profits and Plaintiff's actual damages;

(c)    an accounting of Defendant's profits and an order that the same be paid over to Plaintiff;

(d)    up to three (3) times any damages sustained by Plaintiff;

(e)    restitution to Plaintiff of any and all money Defendant has acquired by means of their unfair competition;

(f)    pre- and post-judgment interest;

(g)    costs of this action;

(h)    attorneys' fees;

(i)    an Order directing Defendant to file with the Court, and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which Defendant has complied with such judgment; and

(j)    such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this the 13th day of January, 2023.

        Respectfully submitted,

        /s/Douglas A. Cherry
        Douglas A. Cherry, Esquire (Lead counsel)
        Florida Bar No. 0333130
        dcherry@shumaker.com
        Shumaker, Loop & Kendrick, LLP
        240 South Pineapple Avenue, 10th Floor
        Sarasota, Florida 34236
        Telephone No.: (941) 366-6660
        Facsimile No.: (941) 366-3999

        Mindi M. Richter, Esquire
        Florida Bar No. 0044827
        mrichter@slk-law.com
        Shumaker, Loop & Kendrick, LLP
        101 East Kennedy Boulevard
        Suite 2800
        Tampa, Florida 33602
        Telephone No.: (813) 229-7600
        Facsimile No.:  (813) 229-1660

        Attorneys for Plaintiff